No. 633088

| | | |
|---|---|---|
| STATE OF TEXAS | § § § | IN THE COUNTY COURT |
| v. | § | NO. 6 |
| JACK MILLER | § § § | BEXAR COUNTY, TEXAS |

## MOTION TO QUASH PRODUCTION OF DEPOSITION TRANSCRIPTS AND RESCIND AGREED ORDER ON MOTION TO COMPEL DISCOVERY

Movants, Rene Valenciano, J Lopez, Hector Ruiz, and City of Olmos Park are not parties to this case but are Defendants in a current active federal cause of action styled; *Christopher Grisham, James Everard v. Rene Valenciano, J Lopez, Hector Ruiz, and the City of Olmos Park*, In the United States District Court for the Western District of Texas, San Antonio Division, Cause No. SA-20-CV-00387-OLG ("federal case").

1. On or about April 5, 2022, Movants' counsel became aware of a March 31, 2022 *"Agreed Order on Motion to Compel Discovery"* in Jack Miller's criminal case served on Plaintiffs' attorney in the federal case, Mr. Brandon Grable, compelling the release of the deposition transcripts of the City of Olmos Park's Chief of Police Rene Valenciano and the City of Olmos Park's representative, City Manager, Celia De Leon, taken in the federal case. **(See Exhibit "A")**.

2. Movants' object to and move this court to quash the production of Valenciano's and De Leon's deposition transcripts and to rescind the Agreed Order to compel production of these transcripts that have been deemed classified and confidential pursuant to a March 5, 2021, "Confidentiality and Protective Order" executed by Chief United States District Judge, Orlando L. Garcia. **(See Exhibit "B")**. Pursuant to the "Confidentiality and Protective Order",

"Confidential Information" means *". . . video and non-video deposition transcripts of the Individual Defendants, representatives and employees of the City"*.

3. The most recent order in the federal case is Magistrate Judge Bemporad granting Plaintiffs' Motion for Leave to file their exhibits as sealed documents to their *Sur-Reply to Defendants' Reply in Opposition of Defendants' Motion for Summary Judgment* to comply with the provisions of the "Confidentiality and Protective Order". **(See Exhibit "C")**.

4. Defendant, Jack Miller, is not a party in the federal litigation. Neither Mr. Miller's criminal defense attorney, Elizabeth Russell, or Assistant District Attorney, Jordan Brown, are "Qualified Persons" who can view or have access to the matters deemed classified and/or confidential pursuant to the "Confidentiality and Protective Order".

5. Release of Valenciano's and De Leon's deposition transcripts to persons other than "Qualified Persons" would be in violation of Judge Garcia's "Confidentiality and Protective Order".

6. The deposition transcripts requested are for use in the criminal case against Jack Miller. However, criminal discovery must be sought through the District Attorney of Bexar County and is governed by the Texas Code of Criminal Procedure Article 39.14. The Discovery rules of the Texas Code of Civil Procedure do not apply here, Tex. R. Civ. P. Rule 2.

WHEREFORE, PREMISES CONSIDERED, Movants pray that its Motion to Quash Production of Deposition Transcripts and Rescind Agreed Order on Motion to Compel Discovery be in all things granted and for such other and further relief, at law or in equity, general or special, to which Movants may be justly entitled.

                                              Respectfully submitted

                                              DENTON NAVARRO ROCHA BERNAL & ZECH
                                              A Professional Corporation

                                        2517 N. Main Avenue
                                      San Antonio, Texas 78212
                                      Telephone:	(210) 227-3243
                                      Facsimile:	(210) 225-4481
                                      patrick.bernal@rampage-sa.com
                                      adolfo.ruiz@rampage-sa.com

BY:    **_/s/ Adolfo Ruiz_**
           PATRICK C. BERNAL
           State Bar No. 02208750
           ADOLFO RUIZ
           State Bar No. 17385600
           ATTORNEYS FOR DEFENDANT
           CITY OF LEON VALLEY

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing instrument has been served upon the below named individual(s) by either fax, email, electronic service, and/or E-File on the 5th day of April.

| | |
|---|---|
| Brandon J. Grable<br>GRABLE LAW FIRM PLLC<br>1603 Babcock Road, Suite 118<br>San Antonio, Texas 78229 | Email: brandon@G2.law |
| Charles S. Frigerio<br>Law Offices of Charles S. Frigerio PC<br>111 Soledad, Ste. 840<br>San Antonio, Texas 78205 | Email: csf@frigeriolawfirm.com |
| Elizabeth Russell<br>Law Office of Albert Van Cleave III, PLLC<br>1520 W. Hildebrand Ave.<br>San Antonio, Texas 78201 | Email: Elizabeth_r@vancleavelegal.com |
| Jordan Brown<br>Assistant District Attorney<br>Bexar County Criminal District<br>Attorney's Office<br>101 W. Nueva FL 7<br>San Antonio, Texas 78205 | Email: DAcc6@bexar.org |

                             */s/ Adolfo Ruiz*
                             PATRICK C. BERNAL
                             ADOLFO RUIZ

# EXHIBIT A



NO. **633088**

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | IN THE COUNTY COURT |
| | § | |
| V. | § | NO 6 |
| | § | |
| **JACK MILLER** | § | BEXAR COUNTY, TEXAS |

## AGREED ORDER ON MOTION TO COMPEL DISCOVERY

On **MAR 3 1 2022** after hearing all arguments presented by counsel, compels the release of deposition transcripts for Chief of Police of Olmos Park Rene Valenciano, Officer Hector Ruiz and city of Olmos Park representative given in cause number 5:20-cv-00387-OLG in the United States District Court in the Western District of Texas.

SIGNED on **MAR 3 1 2022** _____.

_____
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

Law Office of Albert Van Cleave III, PLLC
1520 W Hildebrand Ave
SAN ANTONIO, TX 78201
Tel:
Fax: (210) 701-8481

By:_____
Elizabeth Russell
Attorney for Petitioner
State Bar No. 24096392
elizabeth_r@vancleavelegal.com

_____
Jordan Brown
Assistant District Attorney, Bexar County, State of Texas

# EXHIBIT B

FILED
March 05, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ JU
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER GRISHAM, JAMES EVERARD, | § § § § § § § § § § § § § | |
| *Plaintiffs,* | | |
| v. | | NO:   SA:20-CV-00387-OLG |
| RENE VALENCIANO, J. LOPEZ, HECTOR RUIZ, A. VIERA, and THE CITY OF OLMOS PARK, | | |
| *Defendants.* | | |

## CONFIDENTIALITY AND PROTECTIVE ORDER

Before the Court are Plaintiffs CHRISTOPHER GRISHAM and JAMES EVERARD ("Plaintiffs") and Defendants RENE VALENCIANO, J. LOPEZ, HECTOR RUIZ and A. VIERA ("Individual Defendants"); and THE CITY OF OLMOS PARK, a political Subdivision of the State of Texas ("City") (collectively referred to as "Defendants") (Plaintiffs and Defendants collectively, "the Parties") on a Joint Motion for Confidentiality and Protective Order ("Protective Order").   After careful consideration, it is   hereby **ORDERED** as follows:

**1.**   **Classified Information**

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential", "For Counsel Only", or "Attorneys Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

2. **Confidential Information**

"Confidential Information" means Defendants' answers and responses, to Plaintiffs' Interrogatories; Requests for Production; Requests for Admission; Deposition on Written Questions; Rule 26 Disclosures; exhibits; affidavits; video and audio deposition testimony; and video and non-video deposition transcripts of the Individual Defendants, representatives and employees of the City ("Deponents" and/or "Witnesses") (hereinafter referred to as **"Confidential Information"**), **SHALL** be kept confidential and **not** disseminated, published, broadcasted, posted and copied on the internet and other electronic and broadcast media; social media platforms to include, but not limited to, YouTube; and Plaintiffs' and Third Parties' internet, cell phones, publications, video cameras, pictures, and social media accounts. All "Confidential Information" produced or exchanged by Defendants in the course of this litigation shall be viewed used by Qualified Persons solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever. Confidential Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons, except in accordance with the terms hereof.

3. **Qualified Persons**

"Qualified Persons" means:

    a. For Counsel or Attorneys Only information:

        i. attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

        ii. City staff, employees, representatives, and City Council members in executive session to whom it is necessary that the material be shown for purposes of this litigation;

   iii. actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been designated in writing by notice to all counsel;

   iv. this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

  b. For Confidential information:

   i. the persons identified in subparagraph 3(a);

   ii. the party, if a natural person;

   iii. if the party is an entity,

    in addition to subparagraph 3(a)ii, such officers, staff members, representatives or employees of the City who are actively involved in the prosecution or defense of this case;

   iv. litigation vendors, court reporters, and other litigation support personnel;

   v. any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

  c. Such other person as this court may designate after notice and an opportunity to be heard.

**4. Designation Criteria**

a. *Classified Information.* A party shall designate as Classified Information only such information that the party in good faith believes in fact is confidential.

  Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted

as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Correspondence and other communications between the parties or with nonparties may be designated as Classified Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

b.  *For Counsel or Attorneys Only.* The designation "For Counsel Only" or "Attorneys Eyes Only" shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party. For purposes of this Protective Order, so designated information includes, but is not limited to, product formula information, design information, non-public financial information, pricing information, customer identification data, and certain study methodologies.

c.  *Ultrasensitive Information.* At this point, the parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information. However, in the event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information.

**5.  Use of Classified Information**

All Classified Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose and shall not be disclosed except in accordance with the terms hereof.

**6.  Marking of Documents**

Documents provided in this litigation may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a

stamp indicating that the information is "Confidential", "For Counsel Only", or "Attorneys Eyes Only". In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

**7.     Disclosure at Depositions**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Classified information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as For Counsel Only for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript. Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

8. **Disclosure to Qualified Persons**

a. *To Whom.* Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; ***provided, however,*** that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information. Information designated as For Counsel Only shall be restricted in circulation to Qualified Persons described in subparagraph 3(a).

b. *Retention of Copies During this Litigation.* Copies of For Counsel Only information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 3(a)(ii), in the offices of those experts. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

c. Each party's outside counsel shall maintain a log of all copies of For Counsel Only documents that are delivered to Qualified Persons.

9. **Unintentional Disclosures**

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential Information or For Counsel Only information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

10. **Documents Produced for Inspection Prior to Designation**

In the event documents are produced for inspection prior to designation, the documents shall be treated as For Counsel Only during inspection. At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential", "For Counsel Only", or "Attorneys Eyes Only" by the producing party.

11. **Consent to Disclosure and Use in Examination**

Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if each party designating the information as Classified Information consents to such disclosure or if the Court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

12. **Challenging the Designation**

a. *Classified Information.* A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal

basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the Court for an order preserving the designated status of the disputed information. The disputed information shall remain Classified Information unless and until the Court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

   b. *Qualified Persons.* In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to move the court for an order denying the disposed person (a) status as a Qualified Person, or (b) access to particular Classified Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the court enters an order preserving the designation.

   **13. Manner of Use in Proceedings**

   In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the

information solely for *in camera* review; or (3) file such information under seal with the court consistent with the sealing requirements of the court.

14. **Filing Under Seal**

The clerk of this court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Classified Information by any party to this litigation consistent with the sealing requirements of the court.

15. **Return of Documents**

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 3 (except subparagraph 3(a)(iii)) shall be returned to the producing party or destroyed, except as this Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

16. **Ongoing Obligations**

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

Case 5:22-cv-00387-OAE Document 2-3 Filed 04/15/22 Page 17 of 20

17. **Advice to Clients**

This Protective Order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

18. **Duty to Ensure Compliance**

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

19. **Waiver**

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

20. **Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.


It is SO ORDERED this __5th__ day of _____March_____, 2021.

                                                    ORLANDO L. GARCIA
                                                  CHIEF UNITED STATES DISTRICT JUDGE

Parties' Confidentiality and Protective Order     Page **10**

**AGREED:**

**DENTON NAVARRO ROCHA BERNAL & ZECH**
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
Telephone: (210) 227-3243
Facsimile: (210) 225-4481
pbernal@rampagelaw.com
aruiz@rampagelaw.com


BY: */s/ Adolfo Ruiz*
    PATRICK C. BERNAL
    State Bar No. 02208750
    ADOLFO RUIZ
    State Bar No. 17385600
    ATTORNEYS FOR DEFENDANTS


**JOHNSON LAW FIRM**
535 Griswold St., Suite 2632
Detroit, Michigan 48226
Telephone:    (313) 324-8300
Facsimile:    (313) 324-8301
sradner@venjohnsonlaw.com


BY:    */s/ Solomon M. Radner*
    SOLOMON M. RADNER
    MBN: P73653
    COUNSEL FOR PLAINTIFFS

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CHRISTOPHER GRISHAM, JAMES EVERARD, <br><br> *Plaintiffs* <br><br> vs. <br><br> RENE VALENCIANO, J. LOPEZ, HECTOR RUIZ, A. VERA, CITY OF OLMOS PARK <br><br> *Defendants.* | Case No.: SA-20-CV-00387-OLG |

## ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO FILE SEALED DOCUMENTS

On this day, the Court considered Plaintiffs' CHRISTOPHER GRISHAM and JAMES EVERARD Motion for Leave to File Sealed Documents. The Court finds that the Plaintiffs' have provided sufficient explanation regarding the necessity for sealing such exhibits to their *Sur-Reply to Defendants' Reply in Opposition of Defendants' Motion for Summary Judgment*.

IT IS THEREFORE ORDERED Plaintiffs' Motion for Leave is GRANTED.

IT IS FURTHER ORDERED, that the Clerk of Court shall SEAL the below Exhibits to the *Plaintiffs Sur-Reply to Defendants' Reply in Opposition of Defendants' Motion for Summary Judgment*

1. Exhibit A – DEFT 02392-03081.
2. Exhibit B – DEFT 02405-02407.
3. Exhibit C – DEFT 02408.

SIGNED THIS 31st day of January, 2022.

Henry J. Bemporad
United States Magistrate Judge