IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JACK MILLER | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | NO:   SA:22-CV-00088-DAE |
| | § | |
| RENE VALENCIANO, | § | |
| JAMES LOPEZ | § | |
| AND THE CITY OF OLMOS PARK | § | |
| | § | |
| **Defendants,** | § | |
| | § | |

DEFENDANTS' 12 (b) (6) MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE U.S. DISTRICT COURT:

DEFENDANTS CITY OF OLMOS PARK ("City"); Chief of Olmos Park Police Department Chief RENE VALENCIANO ("Valenciano"); Former City police officer JAMES LOPEZ ("Lopez") and City Manager, CELIA DELEON ("DeLeon") (collectively referred to herein as "Defendants") file this Motion to Dismiss in response to Plaintiff's First Amended Complaint and Jury Demand **[Dkt. 12]** as authorized by the Federal Rules of Civil Procedure 12(b)(6). Defendants respectfully submit the following:

**I.**
**PROCEDURAL HISTORY**

1.      On February 1, 2022, Plaintiff filed an Original Complaint and Demand for Jury Trial, alleging Defendants violated Plaintiff's rights under 42 U.S.C.A. §1983 under the First, Fourth, and Fourteenth Amendments to the U.S. Constitution **[Dkt 1].** On April 11, 2022, Defendants filed their Motion to Dismiss Plaintiff's Original Complaint **[Dkt. 8]**. On April 18, 2022, Plaintiff filed his Response to Defendant's 12 (b) Motion to Dismiss. On April 21, 2022, Plaintiff filed his First

Amended Complaint and Jury Demand, which added the City Manager Celia DeLeon as a party

defendant. **[Dkt. 12].** On April 22, 2022, the Court via Text Order denied Defendants' Motion to

Dismiss without prejudice because of Plaintiff's filing of his First Amended Complaint.

## II.
## NATURE OF THE LAWSUIT/FACTUAL ALLEGATIONS

2.      The instant case is a civil action for money damages brought pursuant to 42 U.S.C. § 1983,

regarding an incident which occurred on February 6, 2020 ("incident") asserting First Amendment

Retaliation (Protected Conduct, Surveillance Dossier, and Retaliatory Prosecution);   Fourth

Amendment (Unlawful Detention/False Arrest/Unlawful Seizure, and Excessive Force); Failure

to Intervene; Fourteenth Amendment, (Failure to Provide Medical Care); Municipal Liability

(Unlawful Policy/Failure to Train); and Declaratory Relief and Injunctive Relief. **[Dkt. 1].**

## III.
## ARGUMENTS AND AUTHORITIES

### A.      Standard for 12(b)(6) Motion

3.      If a complaint fails to state a claim upon which relief can be granted, a court is entitled to

dismiss the complaint as a matter of law.   FED R. CIV. P 12(b)(6).   To survive a Rule 12(b)(6)

motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937,

1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 44, 556 (2007)).   A claim is plausible

on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly,* 550 U.S.

at 556).   The plausibility standard "asks for more than a sheer possibility that a defendant has

acted unlawfully." *Id.*   Rather, the court must be sure that the complaint alleges sufficient facts to

move the claim "across the line from conceivable to plausible."   *Twombly*, 550 U.S. at 570. When

considering a motion to dismiss under Rule 12(b)(6) the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Sonnier v. State Farm Mut. Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007) (quoting *In re Katerina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

4.      Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Frith v. Guardian Life Ins. Co. of Am.,* 9 F. Supp.2d 734, 737-38 (S.D. Tex. 1998).   While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.   Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.  *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993); see also *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 313 (5th Cir. 2002). As explained herein, Plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Id; Nationwide BiWeekly Admin. Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007).

5.      When ruling on a rule 12 (b)(6) motion, courts generally examine only the contents of the pleadings and any attachments thereto.  *Brand Coupon Network, LLC v. Catalina Mkting Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).   However, they may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id*.

6.      The Court can determine whether Plaintiff has alleged a violation of a constitutional right. *Hale v. Townley*, 45 F.2d 914, 917 (5th Cir. 1995).   In the instant case, Plaintiff's conclusory

claims on unidentified policies do not meet the requisite standard to impose constitutional liability.

7.     Plaintiff requests a Declaratory Judgment that Olmos Park's policies, practices, and customs are unconstitutional.   Plaintiff's conclusory claims on unidentified policies do not meet the requisite standard to impose constitutional liability. Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Fernandez–Montes* at 284; *Great Plains Trust Co.* at 313.

**IV.**
**PLAINTIFF'S FIRST, FOURTH, AND FOURTEENTH AMENDMENT CLAIMS ARE BARRED BY *HECK v. HUMPHREY***

8.     Plaintiff was charged with resisting "arrest – search - transport" among other charges that occurred on February 6, 2020. A Complaint and Information was issued[1] (See **Exhibits "C"** and **"D"** respectively certified copies of Complaint and Information"). The State chose to proceed to trial on the resisting arrest-search-transport charge only.[2]   It is undisputed that on April 27, 2022, a jury commenced to hear evidence from the State and Plaintiff.   It is also undisputed that on April 29, 2022, the jury found sufficient evidence beyond a reasonable doubt to find Plaintiff guilty of the offense of resisting "arrest-search-transport" and a judgment was signed by the Court. (See **Exhibits "E"** and **"F"** respectively certified copies of Jury Verdict and Judgment).

9.     Under *Heck v. Humphrey* 512 U.S. 477, 487 (1994) and its progeny, a criminal conviction in the pending criminal matter would bar Plaintiff's civil claims. *McCollom v. City of Kemp*, 2014 WL 6085289 *1 (N.D. Tex., Nov 14, 2014). In *DeLeon v. City of Corpus Christi,* 488 F.3d 649, 652 (5th Cir.2007), the Fifth Circuit Court of Appeals explained that, under *Heck,* "a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional

---

1  Including assault of a police officer, disorderly conduct for displaying a firearm in an alarming manner, and obstruction of a passageway.

2  Texas Penal Code §38.03 "Resisting Arrest, Search or Transportation".

rights if the alleged violation arose from the same facts attendant to the charge for which he was convicted," unless he proves that his conviction or sentence has been reversed, expunged, or otherwise declared invalid. *See*, *McCollom* at *1, citing *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir.2006) (citing *Heck*, 512 U.S. at 486-87, *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000); *Sappington v. Bartee*, 195 F.3d 234, 235 (5th Cir. 1999).

10.     Under *Heck*, a convicted criminal may not bring a claim under 42 U.S.C. § 1983 if success on that claim would necessarily imply the invalidity of a prior criminal conviction. Thus, a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that violation arose from the same facts to the charge which he/she was convicted, unless declared invalid. *Ballard* at 396 (a/k/a "*Heck's* Favorable Termination Rule"]. In the instant case, Plaintiff's Fourth Amendment excessive force claim against Defendants[3] arose from the same facts, which supported the Bexar County District Attorney's Office to proceed with the resisting arrest-search-transportation which occurred during the Plaintiff's arrest and transportation to the City's police department. **[Dkt. 12, ¶¶30, 31].**   Accordingly, Judgment in favor of the Plaintiff in the instant case will impugn the validity of the jury's conviction. **[Exhibit "E"]**. "We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,[4]  a §1983 plaintiff must prove that the conviction or sentence has been reversed

---

3  Count V. Violation of Civil Rights Under 42 U.S.C. ¶1983 (Fourth Amendment – Excessive Force. **[Dkt. 12, pg. 14].**

4  "An example of this latter category—a §1983 action that does not seek damages directly attributable to conviction or confinement but whose successful prosecution would necessarily imply that the plaintiff's criminal conviction was wrongful—would be the following: A state defendant is convicted of and sentenced for the crime of resisting arrest . . . He then brings a §1983 action against the arresting officer, seeking damages for violation of his Fourth Amendment right to be free from unreasonable seizures. In order to prevail in this §1983 action, he would have to negate an element of the offense of which he has been convicted. . . . the §1983 action will not lie". *Heck* fn 6.

on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus". 28 U.S.C. § 2254. *Heck* at 486-87. Without pleading that his guilty plea and case disposition does not bar his claims, he cannot meet the pleading requirements under 12(b)(6) to overcome the application of *Heck's* Favorable Termination Rule.

11.    Since Plaintiff has not provided any evidence that his conviction for resisting arrest-search-transport has been reversed or declared invalid, Plaintiff's First, Fourth and Fourteenth Amendment claims against Defendants must be dismissed and Plaintiff's claims are barred by *Heck*.

**A.    Plaintiff's Fourth Amendment claim for Excessive Force is Barred by *Heck v. Humphrey*.**

12.    Plaintiff's First Amended Complaint asserts Fourth Amendment excessive force violations against Defendants Valenciano and Lopez. **[Dkt. 12, ¶¶73-82].** The instant case is similar to *Mooring v. Paine*, 2021 WL7278958 *1, *5 (N.D. Tex. Oct 29, 2021), In *Mooring*, plaintiff filed a §1983 action claiming the arresting officers used excessive force during his arrest and subsequent detention. *Id.*   The court found that Mooring's use of force claims arose under the Fourth Amendment because he sustained alleged injuries when the arresting officers effectuated his arrest. *Id,* citing *Graham v. Connor*, 490 U.S. 386, 395 (1089). Same as the instant case. **[Dkt. 12, ¶82].**

13.    The *Mooring* court utilizing the *Heck* doctrine, held that a favorable judgment as to Mooring's excessive force claim would necessarily call into question the validity of his criminal conviction and through the excessive force claim, Mooring directly challenges the arresting officer's conduct during his arrest resulting in a *Heck* bar of Mooring's excessive force claim. *Morring* at *6. In this case, a judgment in favor of Plaintiff in his suit for excessive force would call into question the jury's guilty verdict and the sentence issued by the criminal trial court.

[Exhibits "E" and "F"].   Heck bars Plaintiff's claims for excessive force. *Nelson v. Cauley*, 2005 WL221349 *9 (N.D. Tex. Jan 27, 2005).   As such, Plaintiff's excessive force claim is barred by *Heck.* Consequently, the excessive force claim fails[5] to state a claim upon which relief can be granted. *See Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir.2000). The Court should dismiss such claims with prejudice to their being asserted again until the *Heck* conditions are met.   *Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir.1996); *accord Boyd v. Biggers,* 31 F.3d 279, 283–84 (5th Cir.1994) (upholding dismissal with prejudice); *Stephenson v. Reno,* 28 F.3d 26, 27–28 (5th Cir.1994) (same).

**B.     Plaintiff's Failure to Train allegation is barred by *Heck v. Humphrey*.**

14.     Plaintiff asserts that the City by and through Valenciano and DeLeon failed to train any officers. [Dkt. 12, ¶¶ 99, 102]. Plaintiff also asserts that the City failed to properly train the Individual Defendants**. [Dkt. 12, ¶ 107].**   As demonstrated above, since *Heck* bars Plaintiff's excessive force claims against Individual Defendants, Heck also bar claims against the City based upon the same allegations. *Nelson v. Cauley*, 2005 WL221349 *8 (N.D. Tex. Jan 27, 2005) citing *Singer v. Roberts*, 2000 WL233291 *6 & n. 3 (N.D. Tex. Feb 29, 2000) (holding that a municipality cannot be held liable for a failure to train when the claims against the individual defendants have been dismissed). To succeed on a failure to train claim related to the alleged excessive force, plaintiff would have to show that the officers were not trained to recognize protected conduct and exerted excessive force. Such a showing would necessarily imply the invalidity of Plaintiff's arrest and conviction for resisting arrest-search-transport. Consequently, *Heck* bars plaintiff's claims against the City for failure to properly train its officers and Individual Defendants. *Id.*

---

5  Together with Plaintiff's Failure to Train allegation. Nelson at *9.

**C.** **Plaintiff's First and Fourth Amendment Claims for Malicious Prosecution are Barred by *Heck v. Humphrey.***

15.     The *Heck* court found that, "to permit a convicted criminal defendant to proceed with a malicious prosecution claim would permit a collateral attack on the conviction through the vehicle of a civil suit." *Heck* at 485.   "This Court has long expressed similar concerns for finality and consistency and has generally declined to expand opportunities for collateral attack. *Heck* at 486. A cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor. *Heck* at 489. A §1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated. *Heck* at 489. Plaintiff has not invalidated his criminal conviction. Therefore, Plaintiff's First and Fourth Amendment Malicious Prosecution claims against all Defendants should be dismissed.

**D**.     **First Amendment retaliation claims are barred by *Heck v. Humphrey*.**

16.     First Amendment retaliation claims are precluded by *Heck v. Humphrey. Ashton v. City of Uniontown,* 459 Fed. Appx. 185 (3rd Cir. Jan 25, 2012). A plaintiff's right to maintain a First Amendment retaliation action is not absolute. *Ashton* at 187 citing *Heck* at 486-87; *Gilles v. Davis,* 472 F. 3d 197, 209 (3d Cir. 2005). (*Heck* barred the appellant's claim because it would create 'parallel litigation over whether [the appellant's] activity constituted disorderly conduct and could result in a conflicting resolution arising from the same conduct.'") The *Gilles* court relied on the *Heck* doctrine that a §1983 action that impugns the validity of the plaintiff's underlying conviction cannot be maintained unless the conviction is reversed. *Id.,* citing *Gilles* at 208-09. In *Ashton*, the court determined that plaintiffs' actions that lead to their criminal convictions derived from the same incident as their First Amendment retaliation claims. One plaintiff was found guilty of an improper class license and the other plaintiff was found guilty of disorderly conduct and

harassment. The *Ashton* plaintiffs based their First Amendment retaliation claims on the Police Chief's refusal to investigate the officer who struck one of the plaintiffs; by refusing to discipline that officer; and by making false statements to the police, district attorney and others[6]. *Id* at 188. The *Ashton* court determined that because they would have to decide whether plaintiffs' conduct on the day of the incident constitutes protected activity under the First Amendment, permitting their claims to proceed would necessarily impugn the validity of their underlying convictions. Therefore, the court affirmed the District Court's dismissal of plaintiffs First Amendment retaliation claims. *Id*. at 188-89.   In *McIntosh*, *v. Crist* 2015 WL418982 *10 (W.D. Penn. Feb. 2, 2015), the court determined that although the plaintiffs did not allege how their statements made during an altercation were protected speech under the First Amendment, their retaliation claim failed under *Heck* and *Gilles*. *Id.* The court concluded that since plaintiffs plead guilty to resisting arrest arising from the incident involving defendant police officers, to allow plaintiffs to proceed with their First Amendment retaliation claim would impugn the validity of their underlying convictions. *Id.*

**E.    Fourth Amendment False Arrest and Unlawful Detention are barred by *Heck v. Humphrey*.**

17.    Plaintiff's First Amended Complaint asserts Fourth Amendment Unlawful Detention and False Arrest violations. **[Dkt. 12, ¶¶67-72].** However, these two allegations are also barred by *Heck*. *See*, *Mooring* at *11.[7]* "A favorable judgment as to the claim for false arrest would necessarily call into question the validity of Mooring's criminal conviction for assault of a public servant . . ." *Id*. "The fact that Mooring was not convicted of some of the charges for which Officer

---

6 Plaintiff asserts similar allegations regarding refusing to investigate, refusing to discipline, and making false statements. **[Dkt. 12, ¶¶ 9, 17, 20, 23, 25, 33, 54, 55, 99, 103 (b)(c), 104, 116].**

7 A reasonable assumption is that Unlawful Detention is pursuant to a False Arrest. Plaintiff just makes a conclusory allegation that an unlawful detention occurred, because Plaintiff did not give his consent. **[Dkt. 12, ¶69].**

Pain arrested him is 'insignificant in determining whether [Mooring] presently has a §1983 claim for an unconstitutional arrest". *Id.*   In other words, the fact that Plaintiff was not convicted of the other charges of assault of a police officer, disorderly conduct for displaying a firearm in an alarming manner, and obstruction of a passageway is not significant in determining whether Plaintiff has a §1983 claim for an unconstitutional arrest. "This is because a 'claim for false arrest does not cast its primary focus on the validity of each individual charge; instead, [the Court must] focus on the validity of the arrest.'" *Id.* citing *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995). "If there was probable cause for <u>any</u> of the charges made ... then the arrest **was supported by probable cause,** and the claim for false arrest fails." *Id.* (Emphasis added). The *Mooring* court held that *Heck* barred Mooring's false arrest claim. *Id.* citing *Walter v. Horseshoe Ent.,* 483 F. App'x 884, 887 (5th Cir. 2012) (explaining that *Heck* barred plaintiffs' false arrest claim, where "plaintiffs were arrested for crimes of which they were ultimately convicted" and "the conviction necessarily implie[d] that there was probable cause for the arrest"). *Id.*   As such, Plaintiff's False Arrest and Unlawful Detention claims are barred by *Heck.*

**F.     Plaintiff's request for Declaratory Relief and/or Injunctive Relief is barred by *Heck v. Humphrey.***

18.     "Although the Heck opinion involved a bar to claims for monetary damages, a dismissal of a claim for injunctive and/or declaratory relieve may also be made pursuant to *Heck*". *Carter v. Wilder* 2012 WL1242379 *1 (N.D. Tex. April 12, 2012), citing *Reger v. Walker*, 312 Fed. Appx. 624, 625 (5th 2009)(noting that claims, "whether for damages, declaratory judgment, or injunctive relief" are not cognizable in a §1983 action), *cert. dismissed,* —— U.S. ——, 130 S.Ct. 226, 175 L.Ed.2d 10 (2009); *Clarke v. Stadler,* 154 F.3d 186, 190–91 (5th Cir.1998) (en banc) (holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey* ), *cert. den'd,* 525

U.S. 1151, 119 S.Ct. 1052, 143 L.Ed.2d 58 (1999). *Id*, fn 10. Pursuant to *Andrews v. Anderson*, 2012 WL6049082 *3(N.D. Tex. Dec 5, 2012), the *Anderson* court held, "Thus, Andrews's claims related to his conviction and sentence, whether they be for monetary damages, injunctive relief, or for declaratory judgment, are not cognizable under *Heck v. Humphrey,* and must be dismissed". *Andrews* at *3. As such, *Heck* bars Plaintiff's request for declaratory and injunctive relief. **[Dkt. 12, ¶¶110 – 119].**

### V.
### PLAINTIFF FAILS TO STATE A 42 U.S.C. § 1983 CLAIM AGAINST INDIVIDUAL DEFENDANTS UPON WHICH RELIEF CAN BE GRANTED, THEREFORE VALENCIANO, LOPEZ, AND DELEON RETAIN THEIR QUALIFIED IMMUNITY.

19.    Valenciano, Lopez and DeLeon invoke their qualified immunity from Plaintiff's claims. Qualified immunity protects public officers from suit if their conduct does not violate any "clearly established statutory or constitutional rights of which a reasonable person would have known." *Bishop v. Arcuri,* 674 F.3d 456, 460 (5th Cir. 2012) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).   Once the qualified immunity defense is raised, the Plaintiff possesses the burden of showing that the facts alleged demonstrate that the officer violated a <u>constitutional right</u>, and that the right <u>was clearly established</u> at the time of the violation. *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (discussing the modified inquiry under *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)); *McCreary v. Richardson*, 738 F.3d 651, 655 (5th Cir. 2013).

20.    "When properly applied, it [qualified immunity] protects all but the plainly incompetent or those who knowingly violate the law."  *Ashcroft v. al-Kidd*, 563 U.S. 731, ---, 131 S. Ct. 2074, 2085, 179 L.Ed.2d 1149 (2011).   This is a fact-specific inquiry to be made from the perspective of an objectively reasonable officer at the scene, rather than in hindsight.  *Graham v. Connor*, 490

U.S. 386, 396, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989).

**A.      No Constitutional Violation by Valenciano, Lopez, and DeLeon**

21.      In reviewing defendants' claim of qualified immunity, the court must first ascertain whether Plaintiff has sufficiently asserted the violation of a constitutional right.   *Anderson v. Pasadena Indep. Sch. Dist.,* 184 F.3d 439, 443 (5th Cir. 1999).   Plaintiff fails to state a cognizable claim against Individual Defendants under the First, Fourth and Fourteenth Amendments. Plaintiff admits that he is a "constitutional rights activist" who commonly exercises his rights, but his claims do not rise to constitutional violations.   **[Dkt. 12, ¶6].**   Plaintiff generally asserts an unasserted conspiracy claim that Individual Defendants (also presumably the City) consciously target "law abiding citizens" and "constitutional rights activists" for unlawful detention, arrest, and to falsely charge them for crimes. Stated differently, Plaintiff alleges Individual Defendants planned to arrest these individuals, to include Plaintiff, before there are facts upon which one could base a probable cause determination.   **[Dkt. 12, ¶¶35]**[8].

**B.      No First Amendment Retaliation Claim.**

22.      Concerning Plaintiff's First Amendment retaliation claim, Plaintiff asserts that Individual Defendants retaliated against and targeted Plaintiff for engaging in protected conduct. **[Dkt. 12, ¶54]**. "Plaintiffs suing governmental officials in their individual capacities must allege **specific conduct** giving rise to the constitutional violation."   *Id.* (Emphasis added).   To survive, those actions [individual capacities] "must be pleaded with '**factual detail and particularity**,' not mere conclusionary allegations."   *Id,* citing *Jackson v. Widnall,* 99 F.3d 710, 715–16 (5th Cir.1996) (Emphasis added).

---

8 Plaintiff asserts that City officers approach "law abiding citizens" and "constitutional rights activists" and falsely charge them with a crime. **[Dkt. 12, ¶¶ 35, 43].** However, Plaintiff cannot vicariously assert a third-party's alleged violations of Fourth Amendment rights against Defendants. *Alderman* at 174, infra.

23.     Plaintiff only makes conclusory First Amendment allegations against the Individual Defendants.   Plaintiff is not specific on what type of "protected conduct" he was engaged in, which is the basis of his retaliation claim.    Plaintiff asserts that Valenciano's collection of information on Plaintiff for law enforcement investigative purposes and subsequent prosecution is an unlawful or an unconstitutional act resulting in retaliation against Plaintiff's First Amendment right. **[Dkt. 12, ¶¶ 9, 15, 116, 55].** Plaintiff includes DeLeon's and Lopez' names, but nothing specific as to their actions or conduct which Plaintiff interprets as retaliation for his unidentified protected conduct. He alleges: "Defendants Chief Valenciano and DeLeon intentionally, knowingly, maliciously, reckless, unreasonably, and grossly negligently retaliated against Plaintiff for engaging in protected conduct". **[Dkt. 12, ¶59].**   Plaintiff's allegations for his First Amendment retaliation claims against Defendant Valenciano and DeLeon are merely conclusory and not supported by any plausible factual assertions.

**C.     Plaintiff has no Fourth Amendment violation claim against Defendants.**

24.     Plaintiff merely asserts conclusory allegations concerning Plaintiff's Fourth Amendment constitutional violations against Individual Defendants.   Qualified immunity protects Individual Defendants against the allegation that they caused Plaintiff to be arrested unreasonably.   *Malley v. Briggs,* 475 U.S. 335, 344 (1986)).   Plaintiff premises the following allegations under the Fourth Amendment as actions that are "unreasonable" and/or actions that "unreasonably" caused: use of force, seizure of property, and retaliation against Plaintiff.   **[Dkt.   ¶¶ 42,   59, 75, 77, 81, 86, 90].**   In addition, to the extent Plaintiff is asserting Fourth Amendment claims on behalf of any third parties ("law-abiding citizens") those claims should be dismissed.   "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted."   *Alderman v. United States*, 394 U.S. 165, 174 (1969).   As such, Individual Defendants

retain their qualified immunity from suit against Plaintiff's constitutional violation claims.

**D.    Plaintiff Has Not Sufficiently Plead That Individual Defendants Violated a Clearly Established Law.**

25.    Plaintiff fails to plead what clearly established law Individual Defendants violated that resulted in unconstitutional acts against Plaintiff.    Regarding Plaintiff's First Amendment violation complaints, Plaintiff has not plead how Valenciano's collection of information on Plaintiff for law enforcement investigative purposes and subsequent prosecution is an unlawful or unconstitutional act resulting in retaliation against Plaintiff's First Amendment rights. **[Dkt. 12, ¶¶55, 116].**    Plaintiff is not asserting that he was denied his constitutional right to film police. As to all of Plaintiff's constitutional violation claims, Plaintiff makes no attempt to show the "clearly established" law at an appropriate level of specificity required to overcome the Individual Defendants' qualified immunity.    Plaintiff relies instead on the broadest proposition of law by only asserting that Plaintiff had a clearly established right, but not a violation of a clearly established law. **[Dkt. 12, ¶¶ 44, 80].**

**VI.**
**PLAINTIFF CANNOT PROVIDE SUFFICIENT EVIDENCE OF A POLICY, PRACTICE OR CUSTOM**

26.    To recover a judgment against a city under Section 1983, a plaintiff must ***allege*** and establish that he sustained a deprivation of a constitutional or other federally protected right as a result of some official policy, practice or custom of the governmental entity.    *Monell v. Department of Social Services,* 436 U.S. 658, 691-94 (1978).    Plaintiff asserts in his First Amended Complaint that the City's unlawful policy, practice or customs and failure to train its police officers were the direct and proximate cause of Plaintiff's damages and injuries, which resulted in the constitutional violations against Plaintiff.    Plaintiff also broadly asserts that DeLeon ratified Valenciano's and Lopez' actions.    Plaintiff further alleges that the "repeated"

failures of Defendants to correct or punish unconstitutional conduct of Olmos Park police officers who disregard "constitutional freedoms of anyone" peacefully protesting is a continued ratification of official policy[9] from an unidentified final policy maker. **[Dkt. 12, ¶¶ 19, 34, 35]**. Plaintiff continues to generally assert that the City "completely ratifies" the unlawful conduct of Defendants or acted with deliberate indifference. **[Dkt. 12, ¶¶24, 100].**

27.    In order for a municipality to be *liable* for its policies, practices, or customs, Plaintiff must sufficiently plead that "either (1) that a policy *itself* violated federal law or authorized or directed the deprivation of federal rights or (2) that a policy was adopted or maintained by the municipality's policymakers with 'deliberate indifference' as to its known or obvious consequences...a showing of simple or even heightened negligence will not suffice.'" *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 410 (1997).  In a §1983 suit against a city, the claim must be based upon the implementation or execution of a policy or custom which was <u>officially</u> adopted by the City.  *Monell* holds that a governmental entity can be found liable under Section 1983 <u>only</u> if the entity itself causes the constitutional violation at issue.  *Monell,* 436 U.S. at 690-91.  Thus, Plaintiffs must allege with **specificity** and **particularity** that their claims are based on the City's official policy, **not** the policy of an individual official or officer. *Bennett v. City of Slidell,* 728 F.2d 762, 769 (5th Cir.1984).

28.    Plaintiff does <u>not</u> plead that the implementation or execution of a policy was <u>officially</u> adopted by the City.  Plaintiff generally alleges in his First Amended Complaint that the City's policies, practices and/or customs failed to: (1) adequately supervise and train their officers by, "failing to adequately discourage further constitutional violations on the part of its police chief and police officer"; (2) "properly and adequately monitor and discipline its officers, including

---

9 As asserted *supra*, Plaintiff cannot assert a third-party cause of action.

individual Defendants"; (3) "adequately and properly investigate citizen complaints of police misconduct." and (4) that Defendants, "acted with deliberate indifference to the constitutional rights of the Plaintiffs."   **[Dkt. 12, ¶103].**   Plaintiff further generally asserts that the City is, "directly responsible for the Defendants acting the way they did as outlined in this complaint." **[Dkt. 12, ¶104].** Plaintiff makes the conclusory allegation that the City's unwritten policies demonstrates deliberate indifference to the constitutional rights of the Plaintiff.   **[Dkt. 12, ¶105].**

29.    Plaintiff's general and conclusory allegations are not sufficient to overcome Defendants' Motion to Dismiss.   Plaintiff must plead <u>specific</u> facts that their alleged injury resulted from a permanent and well-settled practice or custom of the City.   *Fraire v. City of Arlington,* 957 F2d 1268, 1278 (5th Cir. 1992).   In *Spiller v. City of Tx. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997), the arrestee alleged the officer who effected arrest without probable cause "was acting in compliance with the municipality's customs, practices, or procedures. The Fifth Circuit held that an arrestee's conclusory allegations were insufficient to allege municipal liability under §1983.   *Id.* at 164.

### A.    Plaintiff has not plead that the alleged policy was adopted or maintained by the municipality's policymakers.

30.    Plaintiff must sufficiently plead that the alleged policy or custom was adopted or maintained by the municipality's policymakers who have either actual or constructive knowledge of the alleged policy, practice, or custom.   *Brown*, 520 U.S. at 410; *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001) ("Actual or constructive knowledge of a custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority."); *Webster v. City of Houston,* 735 F.2d 838, 842 (5th Cir. 1984).   Plaintiff has not alleged that a policymaker for Defendants, having policy making authority, had actual or constructive knowledge of an alleged unconstitutional policy, practice or

custom and acted with 'deliberate indifference' as to its known or obvious consequences. Plaintiff does not assert or identify what policies the City, on its own, adopted.   Plaintiff presents conclusory allegations that Defendants worked in concert in the alleged unconstitutional violations against Plaintiff. **[Dkt. 12, ¶¶ 9, 21, 23, 25, 26, 33, 34, 36, 54, 55, 59, 97, 99, 102].**

**C.     Plaintiff fails to state a claim for failure to train or supervise.**

31.     To prevail on a "failure to train theory" a plaintiff must demonstrate: (1) that the municipality's training procedures were inadequate, (2) that the municipality was deliberately indifferent in adopting its training policy, and (3) that the inadequate training policy directly caused the violations in question.   *World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 756 (5th Cir. 2009).   Plaintiff has failed to state a claim for failure to train or supervise. "In order for liability to attach based on an inadequate training claim, a plaintiff must **allege with specificity** how a particular training program is defective."   *Zarnow v. City of Wichita Falls Tex*., 614 F.3d 161, 170 (5th Cir. 2010) (internal quotation marks omitted) (quoting *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005)) (Emphasis added).

32.     Plaintiff makes no allegations regarding a particular training program at issue, particular inadequacies in Defendant officers' training, or in their specific involvement in the training. Because of this, Plaintiff fails to adequately state a claim for relief as to the first element of a failure to train claim.   *Trammell v. Fruge*, 868 F.3d 332, 345 (5th Cir. 2017) (plaintiff "… fails to identify any specific inadequacies in [the city's] training materials or procedures which give rise to his claim"); *Bryan v. City of Dallas*, 188 F.Supp.3d 611, 621 (N.D. Tex. 2016) (dismissing a failure-to-train claim under Rule 12(b)(6) because the plaintiffs "neither identified a particular training program nor specified how such a program is deficient") *as cited by Pierre v. Oginni*, No. 3:17-CV-0259, 2018 WL, 4220848, at *3 (S.D. Tex. Sept. 5, 2018).

33.     Plaintiff makes conclusory allegations that the City's supervision of its officers was deficient as it relates to excessive force, unlawful arrests, and unlawful searches and seizures, but does not plead that the deficient supervision reflects a 'deliberate' or 'conscious' choice by a municipality." *World Wide* at 756 (quoting *City of Canton*, 489 U.S. at 389) (internal quotation marks omitted).  Plaintiff alleges no specific facts about a particular training program, its procedures, or alleged deficiency that caused Valenciano's, Lopez's or DeLeon's behavior. Therefore, Plaintiff's claims do not survive a motion to dismiss.  *Id.*

34.     Deliberate indifference is alleged with facts that show the "municipal actor disregarded a known or obvious consequence of his action."  *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 410 (1997).   "To demonstrate deliberate indifference, a plaintiff must show that 'in light of the duties assigned to specific officers or employees, need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 756 (5th Cir. 2009) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)). In this case, Plaintiff offers only conclusory allegations of Defendants' deliberate indifference **[Dkt. 12, ¶¶ 24, 93, 100, 102, 102 (a), 104, 105]**

### VII.
### <u>NO FOURTEENTH AMENDMENT VIOLATION</u>

35.     Plaintiff's First Amended Complaint fails to state a cognizable Fourteenth Amendment constitutional claim. Although Plaintiff seems to interchangeably allege violations of Fourth and Fourteenth Amendment rights, the Supreme Court has held that, "*all* claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its

'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham v. Connor,* 490 U.S. 386, 386, (1989) emphasis added; *see also Brown v. Glossip,* 878 F.2d 871, 873 (5th Cir.1989).

36.     To the extent Plaintiff is attempting to bring any substantive due process violation causes of action pursuant to the Fourteenth Amendment for a wrongful arrest, such should also be dismissed as a matter of law.   The Supreme Court has held that substantive due process claims are not applicable with regard to claims for right to be free from arrest or prosecution in the absence of due process, but instead, such claims are judged under the Fourth Amendment.   *Albright v. Oliver,* 510 U.S. 266, 268-275 (U.S. Ill. 1994).

## VIII.
## <u>PLAINTIFF'S DECLARATORY JUDGMENT ACTION AGAINST DEFENDANTS MUST BE DISMISSED.</u>

37.     The Declaratory Judgment Act "does not create a substantive cause of action," but "is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law."   *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, 2009 U.S. Dist. LEXIS 88527 (N.D. Tex. Sept. 25, 2009).   The act provides no independent basis for jurisdiction. *Medtronic Inc. v Mirowski Family Ventures L.L.C.*, 134 S.Ct. 843, 848 (2014). Plaintiff simply asks the Court to declare Defendants' policies unconstitutional as applied to Plaintiff. **[Dkt. 12, ¶¶112, 113].**     However, as noted above, Plaintiff's First and Fourth constitutional violations are barred by *Heck*.   Alternatively, Plaintiff does not have a First, Fourth or Fourteenth Amendment rights violation against Defendants.   Therefore, Plaintiff does not have an underlying judicially remediable right and cannot seek declaratory relief. Accordingly, Defendants seek dismissal of Plaintiff's declaratory judgment request for relief.

**IX.**
**CONCLUSION AND PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants pray the Court grant their Motion to Dismiss and dismiss Plaintiff's claims against Defendant City and Individual Defendants Valenciano, Lopez, and DeLeon pursuant to FRCP 12(b)(6). Defendants further request such other and further relief to which they may show themselves to be justly entitled, at law and in equity.

SIGNED this 5th day of May 2022.

Respectfully submitted,

DENTON NAVARRO ROCHA BERNAL & ZECH
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
Telephone:    (210) 227-3243
Facsimile:    (210) 225-4481
pbernal@rampaglaw.com
aruiz@rampagelaw.com

BY:    */s/ Adolfo Ruiz*
PATRICK C. BERNAL
State Bar No. 02208750
ADOLFO RUIZ
State Bar No. 17385600
**COUNSEL FOR DEFENDANTS**
**CITY OF OLMOS PARK,**
**CELIA DELEON, JAMES LOPEZ AND**
**RENE VALENCIANO**

## <u>CERTIFICATE OF SERVICE</u>

 This is to certify that a true and correct copy of the foregoing instrument has been served in accordance with the Texas Rules of Civil Procedure on this 5th day of May 2022, to the following:

Brandon Grable       **E-NOTIFICATION**
Grable Grimshaw Mora PLLC
1603 Babcock Road, Suite 280
San Antonio, Texas 78229


        __*/s/ Adolfo Ruiz*_____
        PATRICK C. BERNAL
        ADOLFO RUIZ

# EXHIBIT C

## COMPLAINT – CLERK'S ORIGINAL

FILED IN MY OFFICE
LUCY ADAME-CLARK
COUNTY CLERK BEXAR CO.

2021 SEP 13  PM 4: 56

**NAME:** JACK EDWARD MILLER

**OFFENSE CODE / CHARGE:**  480105 - RESIST ARR-SEARCH-TRANSPORTATION

**MAG NO: 556677**                          **COUNTY COURT CASE NO: 633088**

### IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

Before me the undersigned authority on this day personally appeared affiant, who, after being by me duly sworn on oath deposes and says that affiant has good reason to believe and does believe that in the County of Bexar and the State of Texas, and before the making and filing of this complaint on or about  February 6, 2020,  JACK EDWARD MILLER committed the offense of
RESIST ARR-SEARCH-TRANSPORTATION;

against the peace and dignity of the State.

Affiant

SWORN TO AND SUBSCRIBED before me on this date:   9/13/21

Assistant Criminal District Attorney
Bexar County, Texas

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and of record in my office.
ATTESTED:

MAY 0 3 2022

LUCY ADAME-CLARK
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY: _____
DEPUTY

# EXHIBIT D

# INFORMATION – CLERK'S ORIGINAL

**NAME:  JACK EDWARD MILLER**

**MG. NO. 556677        JN: 1953747-1        SID: 553480        COUNTY COURT CASE NO: 633088**

**OFFENSE CODE / CHARGE:   480105 - RESIST ARR-SEARCH-TRANSPORTATION        196**

FILED IN MY OFFICE
LUCY ADAME-CLARK
COUNTY CLERK BEXAR CO.
2021 SEP 13 PM 4: 56

## IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

Now comes the undersigned Assistant Criminal District Attorney of Bexar County, Texas, upon the affidavit of affiant, hereto attached and made a part thereof, and in behalf of said State presents in the County Court at Law No. **6**  of Bexar County, Texas, that heretofore, to-wit:  in said County of Bexar and State of Texas, and before the making and filing of this information,

on or about the 6th Day of February, 2020, JACK EDWARD MILLER, hereinafter referred to as defendant, did intentionally prevent and obstruct a person, namely: J Lopez, hereinafter referred to as complainant, whom the defendant knew to be a Peace Officer, from effecting an arrest, search and transportation of THE DEFENDANT by using force against said complainant, to-wit: by forcefully pulling away from complainant as complainant was attempting to handcuff him AND by striking the complainant with the head of the defendant;

against the peace and dignity of the State.

Assistant Criminal District Attorney
Bexar County, Texas

**INFORMATION – CLERK'S ORIGINAL**



STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and of record in my office.
ATTESTED:

MAY 0 3 2022

LUCY ADAME-CLARK
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY: _____
            DEPUTY

# EXHIBIT E

CAUSE NO. 633088

| | | |
|---|---|---|
| STATE OF TEXAS | * | IN THE COUNTY COURT |
| VS | * | AT LAW NO. 6 |
| JACK EDWARD MILLER | * | BEXAR COUNTY, TEXAS |

### VERDICT OF THE JURY

VERDICT OF THE JURY:

      WE, THE JURY, FIND THE DEFENDANT, JACK EDWARD MILLER,

_Guilty_____.

    (NOT GUILTY OR GUILTY)

_Richard Shupp_____

PRESIDING JUROR

_Richard James Shupp_

PRESIDING JUROR (Please Print)

FILED

THIS 29 DAY April A.D. 2022

LUCY ADAME-CLARK

CLERK, COUNTY COURT OF LAW NO. 6

BY ___Bianca Pelez___ DEPUTY

7



STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and of record in my office
ATTESTED:

MAY 0 3 2022

LUCY ADAME-CLARK
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY: _____
DEPUTY

# EXHIBIT F

*(JSC20A)*

*CC6*

*FEE BOOK VOL.* __0__ *PAGE* __0__

*PROBATION*

*CERTIFIED COPY OF JUDGMENT OF CONVICTION ON PLEA OF GUILTY, JURY TRIAL*

| *COURT COST* | *FINE* | *TOTAL* | *CFTS* |
|---|---|---|---|
| 325.00 | 1,000.00 | 1,325.00 | |

*IN JAIL*

$1000 FINE, CC, 80 HRS CSR, APSE, MORAL RECONATION THERAPY COUNSEL, NO
FOREARMS PPOU (D MAY KEEP CURRENTLY OWNED FIREARMS FOR HOME DEFENSE) (PPOU =
PURCHASE POSSESSION USE) NO CONTACT W/CITY OF OLMOS PARK & OLMOS PARK POLICE
DPT OR ANY EMPLOYEES OF OLMOS PARK AND OLMOS PARK POLICE DPT. D SHALL REMAIN
500 YDS AWAY FRM 120 W WL PRADO SAT 78212 @ ALL TIMES PER JDG CHRISTIAN

*2 YRS PROBATION*

*THE STATE OF TEXAS*

*JUDGMENT*

*CAUSE NO.* 633088

*VS.*

*OFFENSE* RESIST ARR-SEARCH-TRANSPORTATI

JACK EDWARD MILLER

*ON THE 29th of April, 2022, THE ABOVE ENTITLED AND NUMBERED CAUSE AS CALLED.   THE STATE OF TEXAS APPEARED BY HER
ASSISTANT DISTRICT ATTORNEY,* __JORDAN L BROWN__. *   THE DEFENDANT,* __JACK EDWARD MILLER__ *APPEARED IN PERSON AND BY COUNSEL,*
__ELIZABETH A. RUSSELL__.

*HAVING BEEN DULY ARRAIGNED, THE DEFENDANT ENTERE A PLEA OF GUILTY TO THE OFFENSE CHARGED IN THE INFORMATION. THE
HEARING WAS BEFORE A JURY WHO, AFTER ACCEPTING THE PLEA, THE CHARGE OF THE COURT, AND ANY ARGUMENT OF COUNSEL THEREON,
RENDERED A VERDICT AS FOLLOWS:* __GUILTY__.
   */S/* __RICHARD SHUPP__

*FOREMAN*

*IT IS THEREFORE CONSIDERED, ORDERED, AND ADJUDGED BY THE COURT THAT THE SAID DEFENDANT IS GUILTY OF THE OFFENSE OF:*
__RESIST ARR-SEARCH-TRANSPORTATI__   *AS FOUND BY THE VERDICT OF THE JURY AND SAID DEFENDANT COMMITTED SAID OFFENSE ON* __6th__
__of February, 2020__ *AS CHARGED IN THE INFORMATION, AND THAT HE BE PUNISHED, AS DETERMINED BY THE COURT:* __A FINE OF__
__$1,000.00 AND COURT COSTS $325.00 AND   IN JAIL__.

*IT IS FURTHER ORDERED BY THE COURT THAT THE STATE OF TEXAS DO HAVE AND RECOVER OF THE DEFENDANT THE SAID FINE HEREIN
IMPOSED UPON HIM.   AND ALL COSTS OF THE PROSECUTION, FOR WHICH EXECUTION MAY ISSUE AGAINST THE PROPERTY OF SAID
DEFENDANT;  AND THAT THE DEFENDANT, BEING PRESENT IN COURT, BE COMMITTED TO JAIL, THERE TO REMAIN IN CUSTODY UNTIL SAID
FINE AND ALL COSTS ARE PAID UNTIL HE SHALL HAVE FULLY SATISFIED AND DISCHARGED THE JUDGEMENT AND SENTENCE HEREIN
IMPOSED UPON HIM.*

*ON THE* __29th of April, 2022__, *THIS CAUSE AGAIN BEING CALLED, THE STATE APPEARED BY HER ASSISTANT CRIMINAL DISTRICT
ATTORNEY,* __JORDAN L BROWN__.   *THE DEFENDANT APPEARED IN PERSON AND REPRESENTED BY COUNSEL* __ELIZABETH A. RUSSELL__ *FOR THE
PURPOSE OF HEARING ON SAID DEFENDANT'S APPLICATION FOR ADULT PROBATION.   THE COURT HAVING DULY CONSIDERED ALL THE
MATTERS PRESENTED IS OF THE OPINION THAT PROBATION SHOULD BE GRANTED.*

*THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT THE IMPOSITION OF SENTENCE (EXCEPT THAT PORTION THEREOF
PERTAINING TO A FINE OF* $1,000.00 *AND COSTS OF PROSECUTION* $325.00, *WHICH IS HEREBY ORDERED EXECUTED) IS SUSPENDED.   TH
DEFENDANT IS HEREBY PLACED ON ADULT PROBATION FOR A TERM OF* __2 YRS__ *EFFECTIVE ON THE* __29th of April, 2022__   *AND
CONDITIONED THAT THE DEFENDANT FULLY COMPLIES WITH AND ABIDES BY  ALL THE TERMS OF PROBATION AS ARE CONTAINED IN THE
ORDER GRANTING PROBATION, WHICH ORDER IS ATTACHED HERETO AND  MADE A PART OF THIS JUDGMENT.*

*IT IS FURTHER ORDERED BY THE COURT THAT THE STATE OF TEXAS DO HAVE AND RECOVER FROM SAID DEFENDANT (THE FINE
HERETOFORE IMPOSED AND) ALL COSTS OF PROSECUTION FOR WHICH EXECUTION MAY ISSUE.*

*THE COURT THEREUPON FULLY ADVISED THE DEFENDANT OF HIS APPELLATE RIGHTS.*

*AS IT APPEARING THAT THE DEFENDANT HAS BEEN IN JAIL, FROM THE TIME OF HIS ARREST AND CONFINEMENT ON THE FOLLOWING
DATE(S):* __N/A__ *HE IS HEREBY GIVEN CREDIT FOR THE SAID DEFENDANT HAS SPENT IN JAIL IN SAID CAUSE.*

*IT IS FURTHER ORDERED BY THE COURT THAT THE STATE OF TEXAS DO HAVE AND RECOVER FROM SAID DEFENDANT ALL COSTS OF
PROSECUTION FOR WHICH EXECUTION MAY ISSUE.*

*SIGNED AND ENTERED OF RECORD THIS* __29th of April, 2022__.

*RIGHT THUMB*

*SIGNATURE*

*JUDGE, COUNTY COURT AT LAW NO.* __CC6__
*BEXAR COUNTY, TEXAS*

*CC633088*

CC633088

STATE OF TEXAS COUNTY OF BEXAR
CERTIFIED COPY CERTIFICATE
The page to which this certificate is affixed may have
been lawfully altered to redact confidential personal
information but is otherwise a full, true and correct
copy of the original on file and of record in my office.
ATTESTED:

MAY 0 3 2022

LUCY ADAME-CLARK
COUNTY CLERK
BEXAR COUNTY, TEXAS

BY:

DEPUTY