IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JACK MILLER | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | Case No.: SA:22-CV-0088-DAE |
| | § | |
| RENE VALENCIANO, JAMES LOPEZ | § | |
| and CITY OF OLMOS PARK | § | |
| *Defendants.* | § | |

### JACK MILLER'S OPPOSED MOTION FOR LEAVE TO FILE OUT OF TIME PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff **JACK MILLER** ("Miller") moves to extend the filing deadline of his Response to *Defendants' 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint*, filed at Dkt. No. 16.

### I. PRELIMINARY STATEMENT

Due to excusable neglect and serving on valid Army Reserve Orders,[1] Miller's counsel did not timely file a response to Defendants' Motion to Dismiss under Rule 12(b)(6) filed at Dkt. No. 16. Plaintiff further requests that the Court grant an extension to the response deadline to Friday, May 31, 2022.

---

[1] A redacted copy of Mr. Grable's Army Reserve Orders, showing he was in Fort Sill, Oklahoma from March 18, 2022, through March 22, 2022, is attached to this Motion at Dkt. No. 18-1.

## II. RELEVANT BACKGROUND

On May 5, 2022, Defendants filed a Motion to Dismiss asserting that Plaintiff's causes of action are barred because he was convicted of resisting arrest.[2] The undersigned erroneously calendared the response deadline for March 26, 2022, which is 21 days after receipt of the motion. The undersigned recognizes that pursuant to Local Rule CV-7(d), the response deadline was in fact 14 days after May 5, 2022—or May 19, 2022.

On May 14, 2022, the undersigned was placed on valid Army Reserve Orders with a unit he was recently assigned to, and was ordered to appear at Fort Sill, Oklahoma from May 18, 2022, through May 22, 2022. During this same period, he had hours of depositions in another federal matter on May 11, 12, and 17, 2022. The undersigned was working on a draft response since May 5, 2022, but was not aware of the impending May 19, 2022 deadline until after it passed.

On May 25, 2022, the undersigned reached out to Defendants' counsel to discuss a possible extension. It was during this conferral that the undersigned realized that the deadline had passed on May 19, 2022. The undersigned asked whether counsel was opposed to the relief sought in this motion. Defendants' counsel did not want to state whether they opposed one way or another, so Plaintiff considers Defendants opposed.

Plaintiff now files this motion for leave for the court to extend the response deadline to May 31, 2022.

---

[2] The documents included in Defendants' motion erroneously suggest that Plaintiff pleaded guilty to the offense, so Plaintiff is attempting to get a corrected copy of the judgment.

### III. ARGUMENT AND AUTHORITIES

Upon motion made, Federal Rule of Civil Procedure 6(b)(1)(B) permits a post-deadline filing extension "for good cause," if the party failed to act because of "excusable neglect." *Lujon v. Nat'l Wildlife Fed'n*, 498 U.S. 871, 896 (1990). Rule 6(b)(1)(B) allows courts wide discretion in their act of extending deadline and scheduling orders. *Woods v. Allied Concord Fin. Corp.*, 373 F.2d 733, 734 (5th Cir. 1967). Additionally, courts have the inherit power to extend deadlines after the deadline has passed if the party requesting such extension failed to act because of excusable neglect. FED R. CIV. P. 6(b)(1)(B).

While there is not a broadly accepted standard of practice for excusable neglect, the Supreme Court has interpreted excusable neglect to mean "that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 113 S. Ct. 1489, 1495 (1993). In essence, excusable neglect is an "elastic concept" which "is not strictly limited to omissions caused by circumstances beyond the control of the movant." *Id.*

Relevant factors to the excusable neglect inquiry include (1) "the danger of prejudice to the non-movant"; (2) "the length of the delay and its potential impact on the judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006) (alterations omitted). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 F. App'x 442, 443-44 (5th Cir. 2010).

**First**, in this matter, there is no danger of prejudice to the non-movant. If Defendants' position is valid (which Plaintiff thinks it is not), then allowing Plaintiff a fair opportunity to respond will not harm Defendants. Defendants would only lose a "gotcha" moment.

**Second**, the length of delay (seven business days between the past deadline and the new proposed deadline) would not impact any judicial proceedings. There were not any hearings set.

**Third**, the reason for the delay was due to the undersigned being placed on United States Army Reserve orders last minute with a unit that he was just assigned to. This, together with a mis-calendaring at 21 days rather than 14 days, resulted in the undersigned not properly prioritizing the response while managing depositions and Army Reserve obligations.

**Fourth**, the undersigned acted in good faith as he immediately conferred with counsel and filed this motion once he recognized the error. The undersigned's conduct was not for delay, but due to excusable neglect in light of the undersigned's concurrent obligations during this same timeframe. The undersigned acted diligently in preparing and filing this motion and is also working diligently on a response to Defendant's motion filed at Dkt. No. 16. The same day the undersigned recognized the issue described in this motion, he took immediate steps to remedy these concerns by first attempting to confer with counsel and then by filing this motion.

## CONCLUSION

In conclusion, the delay of filing a response to Defendants' 12(b)(6) motion was inadvertent, the granting of this motion would not prejudice the non-movant, and granting this motion would not cause any delay or impact on judicial proceedings. Non-movant did not indicated one way or the other whether Defendants oppose this motion, but to avoid any further delay, Plaintiff considers them opposed to the relief sought. For the reasons stated herein,

Plaintiff respectfully requests this Court grant the relief requested.  Specifically, Plaintiff requests that the Court permit Plaintiff to file a response to Defendants' Motion to Dismiss under Rule 12(b)(6), filed at Dkt. No. 16, by May 31, 2022.

        Respectfully Submitted,

        **GRABLE GRIMSHAW PLLC**

        */s/ Brandon J. Grable*
        **BRANDON J. GRABLE**
        Texas State Bar No. 24086983
        brandon@g2.law
        1603 Babcock Road, Suite 280
        San Antonio, Texas 78229
        Telephone: (210) 963-5297
        Facsimile: (210) 641-3332

## CERTIFICATE OF SERVICE

    I hereby affirm that on this 25th day of May 2022, that the foregoing document was filed with the Court's CM/ECF electronic filing system, and that a copy of said document was served upon all parties of record, via electronic service.

        */s/ Brandon J. Grable*